ORIGINAL

**UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
APR - 3 2006
U.S. COURT OF FEDERAL CLAIMS

06-271 C

**GLOBAL GROUP GENERAL TRADING, LTD.**
Al-Sadoon – Baghdad – Iraq
Alnoor Bldg. 3rd Floor

Plaintiff,

v.

**THE UNITED STATES OF AMERICA**

Defendant.

**COMPLAINT**

COMES NOW, Global Group General Trading, LTD, by and through counsel and as for his Complaint against Defendant for breach of a lease contract states as follows:

**Jurisdiction**

1. "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). ". . . [A] contractor may bring an action directly on the claim in the United States Claims Court [United States Court of Federal Claims], notwithstanding any contract provision, regulation, or rule of law to the contrary." Any such

action "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, and shall proceed de novo in accordance with the rules of the appropriate court." 41 U.S.C. § 609. On April 5, 2005, Plaintiff received the final decision of the contracting officer dated April 4, 2004, which denied Plaintiff's claim.

**The Parties**

2. Plaintiff, Global Group Trading General Limited, is an Iraqi company providing services in Iraq to the United States' Military in the ongoing war in Iraq "Global Group". Global Group has received from the United States Military certificates of Appreciation and letters applauding its past performance of its contractual obligations. Global Group is known to be an honest contractor who, for example, upon an erroneous deposit to its account from the United States in the amount of $1.8 Million USD returned the money immediately. Mr. Sanjay Gupta is responsible for contract procurement for Global Group.

3. The Defendant, is the United States. Sergeant Jillian Carol and Sergeant Will Watts procured the lease contract in issue for the United States Government.

**Facts**

4. In an "ORDER FOR SUPPLIES OR SERVICES" Dated May 1, 2004, and signed by Sergeant Jillian M. Caroll, Defendant ordered from Plaintiff the supply of 44 refrigerated trailers approximately 40 feet in length (also referred to as "reefers", "trailers", and "trucks") for 4 months at a cost of $4,450 per trailer per month, and ordered the maintenance of 44

refrigerated truck trailers for 4 months at a cost of $1,200 per trailer per month for a total cost of USD $994,400.00. ("Order")

5. The Order stated that the intention of the parties was to "rent/lease refrigerated trucks."

6. The Order required Plaintiff to deliver the refrigerated trailers to Defendant in varied quantities (2 –14 trailers) to 9 locations mostly south and west of Baghdad.

7. The Order specified that the "period for performance for all reefers is 1 June 04 – 30 Sept. 04."

8. The Order specified that "in the instance that a piece of equipment is destroyed/damaged beyond repair, the Contractor is only authorized payment according to the current market value of such equipment."

9. The Order did not specify any responsibility for retrieving or returning the refrigerated trailers.

10. Defendant sent by email dated June 11, 2004 a proposed "Modification" to the Order specifying changes to the "quantities and delivery locations for the reefers" ("Modification") and indicated that the Modification could be accepted by e-mail correspondence.

11. The Modification to the Order proposed that Plaintiff deliver 19 additional refrigerated trailers to Defendant in varying quantities ( 1- 4 trailers) to 6 new locations mostly in western Iraq.

12. The Modification did not specify any responsibility for retrieving or returning the trailers that Plaintiff had delivered to the various sites in the combat areas.

13. Plaintiff accepted the terms of the Modification by e-mail.

14. Plaintiff signed the original Order on June 16, 2004.

15. Plaintiff delivered to Defendant 63 refrigerated trailers in varying quantities to 15 different locations controlled by Defendant in Iraq. Plaintiff also provided at no charge and Defendant accepted an additional 4 refrigerated trailers to be used as backups as needed during the lease period.

16. Plaintiff provided maintenance services to the refrigerated trailers at 15 different locations controlled by Defendant in Iraq.

17. In July 2004, the second major Fallujah/Ramadi war erupted. This event escalated security risks substantially and affected seriously the areas where Plaintiff had delivered the refrigerated trailers under the original Order and under the Modification and had become very active combat areas overrun with terrorist insurgents.

18. In light of these new circumstances, Plaintiff expressed its concerns to Defendant about the recovery of the refrigerated trailers. Defendant provided Plaintiff with commitments to assist Plaintiff with the retrieval of the refrigerated trailers by providing armed security escorts or enabling Defendant to be included in military convoys from the military locations, camps or bases where the refrigerated trailers had been delivered.

19. The roads to the United States military locations, camps or bases were controlled by the Defendant.

20. The roads were often blocked by the Defendant.

21. To reach the United States military locations, camps or bases, to service the refrigerated trailers or for any reason, Plaintiff was required to clear Defendant's security check points.

22. To enter on to any of the United States military locations, camps or bases, to service the trailers of for any reason, Plaintiff required Defendant's permission and cooperation.

23. On October 1, 2004, Plaintiff and Defendant signed an "AMENDMENT OF SOLICITATION/ MODIFICATION OF CONTRACT" regarding the original Order for 44 refrigerated trailers. The "amendment" was executed to "extend current call order from October 1, 2004 through October 30, 2004.

24. On October 1, 2004, Plaintiff and Defendant also signed an "AMENDMENT OF SOLICITATION/ MODIFICATION OF CONTRACT" regarding the Modification to the original Order for 19 additional refrigerated trailers. The "amendment" was executed to "extend current call order from October 1, 2004 through October 30, 2004.

26. On or about the end of October and beginning of November 2004, through email correspondence and telephone communications, the parties agreed to extend the lease period From November 1, 2004 until November 30, 2004 for the supply of the 63 refrigerated trailers at $4,450 per month per trailer and 4 back up refrigerated trailers at no additional charge. The parties also agreed that Defendant would be responsible for the maintenance of 32 refrigerated trailers at $1,200 per month per trailer plus maintenance on the 4 back-up refrigerated trailers at no additional charge.

25. On or about the end of November 2004, through email correspondence and telephone communications, the parties agreed to extend the lease period to December 30, 2004 for the supply of 32 refrigerated trailers at $4,450 per month per trailer and 4 back up refrigerated trailers at no additional charge. The parties also agreed that Defendant would not be responsible for the maintenance of any refrigerated trailers.

26. Plaintiff has repeatedly sought the return of the refrigerated trailers it has provided to Defendant.

27. Plaintiff has repeatedly sought the cooperation of Defendant to enable the return of the refrigerated trailers it has provided to Defendant.

28. Defendant has returned 29 refrigerated trailers, including 2 of the back-up refrigerated trailers that were provided to Defendant at no additional cost until December 31, 2004.

29. Since January 1, 2005, Defendant has on several occasions arranged for Plaintiff to travel in a security convoy to enable the return of refrigerated trailers. Plaintiff has traveled in a security convoy arranged by Defendant and has retrieved some refrigerated trailers.

30. Not all of the refrigerated trailers were returned on time.

31. All of the refrigerated trailers that were returned to Plaintiff by Defendant were damaged. Defendant estimates the averaged amount of damage to be about $23,500 per refrigerated trailer returned.

32. Defendant has not returned to Plaintiff 38 refrigerated trailers.

33. None of the 38 remaining refrigerated trailers can be returned without Defendant's cooperation.

34. Defendant has not cooperated to return the 38 remaining refrigerated trailers.

35. Upon information and belief some of the 38 remaining refrigerated trailers have been damaged, destroyed or lost.

36. Defendant has allowed Plaintiff access to a military base, location or camp to retrieve refrigerated trailers. On one occasion, at FOB Iskandariya, Defendant was unable to locate 4 refrigerated trailers, and on another occasion, at FOB Al Walid, Defendant was unable to locate 2 refrigerated trailers.

37. Upon information and belief some of the 38 remaining refrigerated trailers are used by the military for storage of munitions or other supplies.

38. The fair market value of each refrigerated trailer in operable condition at the time of procurement was estimated at about $50,000 each.

39. For the period beginning June 2004 until November 30, 2004, Defendant had possession of 67 of Plaintiff's refrigerated trailers,, i.e., 63 plus the 4 back-ups at no additional cost. Defendant has paid Plaintiff for the supply and maintenance of all those refrigerated trailers as required.

40. For the period, beginning December 1, 2004 until December 30, 2004, Defendant had possession of 67 of Plaintiff's refrigerated trailers i.e., 63 plus the 4 back-ups at no additional cost. Defendant has paid for the supply of 32 refrigerated trailers plus the 4 back-ups, but has not paid Plaintiff for other 31 refrigerated trailers it possessed during December 2004.

41. Defendant still possesses 38 of Plaintiff's refrigerated trailers, including 2 of the back ups that were provided to Defendant at no cost until December 30, 2004.

42. Defendant has not paid Plaintiff for the continued possession of the same 38 refrigerated trailers.

43. Defendant has not paid Plaintiff for the damage to or loss of any of the remaining 38 refrigerated trailers.

44. Defendant has not paid Plaintiff the monthly lease rate for any of the 29 refrigerated trailers that were not returned to Plaintiff on time.

45. Defendant has not paid Plaintiff for any of the damage to any of the 29 refrigerated trailers that were returned to Plaintiff.

**Count I – Breach of Contract:**

46. Paragraphs 1-45 are incorporated by reference herein.

47. Plaintiff accepted Defendant's Order for the supply of equipment and services and the subsequent modifications and amendments thereto and accepted Defendant's promise to pay a specified rate per trailer supplied and maintained.

48. Plaintiff's acceptance created a valid lease contract for the supply of 67 refrigerated trailers and maintenance thereto from June 2004 until October 30, 2004; the supply of 67 refrigerated trailers and maintenance for 36 refrigerated trailers from November 1, 2004 until November 30, 2004; and the supply of 36 refrigerated trailers with no maintenance obligations to Plaintiff from December 1, 2004 until December 30, 2005.

49. The contract required that at the end of the time periods specified, Defendant relinquish the use and possession of refrigerated trailers and return the refrigerated trailers to Plaintiff, on time and undamaged.

50. Given the war-time circumstances and Defendant's control over the roads and entrance to the military locations, camps and bases, the contract implied that Defendant was obligated to cooperate with Plaintiff and enable the return of the refrigerated trailers.

51. The contract provided that Defendant was authorized to pay Plaintiff for damage to and loss of the refrigerated trailers according to the market value of refrigerated trailers.

52. Plaintiff supplied and maintained the refrigerated trailers as required.

53. Plaintiff is entitled to the return of all refrigerated trailers provided to Defendant, on time and undamaged. Defendant has not returned all refrigerated trailers, not all returns have been on time, and not all returns have been undamaged. Therefore, Defendant has breached the contract.

54. Plaintiff is entitled to payment from Defendant for its use and possession of trailers that have been returned after the specified rental term had expired. Defendant has not paid

Plaintiff for its use and possession of the equipment after the expiration of the specified rental term. Therefore, Defendant has breached the contract.

55. Defendant has not cooperated with Plaintiff and has not allowed him access to all of the military locations, camps and bases where some of the refrigerated trailers are located and has otherwise thwarted Plaintiff's attempts to retrieve the trailers. Therefore, Defendant has breached the contract.

56. Defendant has not paid Plaintiff for the damage to or loss of the trailers according to the fair market value. Therefore, Defendant has breached the contract.

57. Defendant's breach has caused Plaintiff harm.

**Count II – Breach of Contract: Bailment**

58. Paragraphs 1-57 are incorporated by reference herein. Under the lease contract, after the five month lease period Plaintiff was no longer obligated to provide maintenance services for the refrigerated trailers. After the five month lease period, and for some trailers after the two-month extension expired, Defendant was obligated to relinquish the use and possession of the refrigerated trailers and return the refrigerated trailers to Plaintiff, on time and undamaged.

59. The parties never intended to pass title of the refrigerated trailers from the Plaintiff to the Defendant.

60. The parties intended for Defendant to have use and possession of specified quantities of refrigerated trailers for specified periods of time.

61. The parties agreed to a maintenance plan as follows: for the period June 2004, to October 30, 2004 Plaintiff was obliged to maintain 67 refrigerated trailers; for the period November 1, 2004 to November 30, 2004 Plaintiff was obligated to maintain 36 trailers; and

for the period December 1, 2004 to December 30, 2004, Plaintiff was not obligated to maintain any trailers.

62. After the Plaintiff's obligations for maintenance of the refrigerated trailers had expired and until the refrigerated trailers were returned to Plaintiff, Defendant owed Plaintiff a duty to hold safe and maintain Plaintiff's property that it had in its possession.

63. Upon information and belief all of the refrigerated trailers have been damaged, destroyed or lost. Therefore, Defendant has failed to hold safe and maintain Plaintiff's property and has therefore breached a contract of bailment.

64. Defendant's breach has harmed Plaintiff.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff requests the following relief:

1. Return of all of the refrigerated trailers to Plaintiff;

2. $1,900,000 for the loss of the 38 refrigerated trailers that have not been returned;

3. $2,536,500 plus interest for unpaid rental value of 38 refrigerated trailers for 15 months at $4,450 per month per trailer as of the date of this filing;

4. $137,950 plus interest for the unpaid rental value of 31 refrigerated trailers for one month (December 2004) at $4,450 per month per trailer.

5. $4,450 per month per unreturned refrigerated trailer plus interest until such time the refrigerated trailers are returned;

6. $681,500 for the damage to the 29 refrigerated trailers that were returned to Plaintiff,

7. $841,050 plus interest for the unpaid rental value of the 27 trailers that were returned to Plaintiff

8. Payment of legal fees and costs; and

9. Any and all other relief this Court may deem fair and just

Respectfully submitted,

GLOBAL GROUP GENERAL TRADING, LTD
By Counsel

Andrew Galbreath
Schott Law Associates, LLP
1015 Eighteenth Street, NW
Suite 210
Washington, DC 200036
Tel: 202-833-3439
Fax: 202-833-9442

Washington, DC 200036
Tel: 202-833-3439
Fax: 202-833-9442

**Certification**

I, Sanjay Gupta, hereby certify that the claim stated in this Complaint is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount requested accurately reflects the contract adjustment for which I believe the government is liable, and that I am authorized to certify the claim on behalf Global Group General Trading, LTD.

Sanjay Gupta
Global Group General Trading, LTD