IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GLOBAL GROUP GENERAL TRADING, LTD., | ) | |
| Plaintiff, | ) | No. 06-271C (Judge Marian Blank Horn) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the numbered paragraphs of the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first and fourth sentences of paragraph 2. Denies the allegations contained in the second and third sentences of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in the first sentence of paragraph 3. Admits the allegation that Sergeant Jillian Carroll executed the contract at issue; the remaining allegations contained in paragraph 3 are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information

sufficient to form a belief as to their truth.

14. Admits plaintiff signed Purchase Order 0002 on 16 June 2004; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegation contained in the first sentence of paragraph 15 that plaintiff provided 63 refrigerated trailers; the remaining allegations contained in the first sentence of paragraph 15 are denied. Denies the allegations contained in the second sentence of paragraph 15.

16. Admits the allegations contained in paragraph 16.

17. Admits that in July 2004, combat occurred in Fallujah/Ramadi, affecting security in the area where plaintiff had or was to deliver the refrigerated trailers under the original order and modification; denies the remaining allegations contained in paragraph 17.

18. Admit that at various times plaintiff expressed its concerns about security risks and that defendant assisted plaintiff at various times in delivering and retrieving some of the refrigerated trailers; the remaining allegations contained in paragraph 18 are denied.

19. Admits the allegation contained in paragraph 19.

20. Admits the allegation contained in paragraph 20.

21. Admits the allegation contained in paragraph 21.

22. Admits the allegation contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the referenced document, Modification P0002 to Purchase Order 0002, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the

referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

26.[1] Admits that Modification P0006 to Purchase Order 0001 was issued that extended the lease of 13 trailers from November 1, 2004, through November 30, 2004, and that Modification P0003 to Purchase Order 0002 was issued that extended the lease of 19 trailers from November 1, 2004, through November 30, 2004; denies the remaining allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits that Modification P0006 to Purchase Order 0002 was issued on January 3, 2005, which is the best evidence of its contents; denies the remaining allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits the allegation contained in paragraph 26.

27. Admits the allegation contained in paragraph 27.

28. Admits that possession of approximately 12 refrigerated trailers was transferred to plaintiff; denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained in paragraph 29.

30. The allegation contained in paragraph 30 constitutes a conclusions of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

31. The allegation contained in the first sentence of paragraph 31 constitutes a conclusion of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

---

[1] In answering the complaint, defendant is following the numbering sequence used by plaintiff.

The allegation contained in the second sentence of paragraph 31 is denied for lack of knowledge or information sufficient to form a belief as to its truth.

32. The allegation contained in paragraph 32 constitute a conclusion of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

33. The allegation contained in paragraph 33 constitutes a conclusions of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Admits the allegations contained in the first sentence of paragraph 36; denies the allegations contained in the second sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. Admits that defendant had possession of 63 refrigerated trailers for the period beginning June 2004 until November 30, 2004; denies the remaining allegations contained in the first sentence of paragraph 39. Admits the allegation contained in the second sentence contained in paragraph 39 that defendant has paid for the supply and maintenance of the refrigerated trailers; the remaining allegation contained in the second sentence of paragraph 39 constitutes a conclusion of law to which no answer is required; to the extent tit is deemed an allegation of

fact, it is denied.

40. Admits that defendant had possession of 63 refrigerated trailers for the period beginning December 1, 2004, until December 30, 2004; denies the remaining allegations contained in the first sentence of paragraph 40; admits defendant issued Modification P0006 to Purchase Order 0002 for payment of 32 refrigerated trailers for the month of December, 2004; admits defendant did not pay for the remaining 31 refrigerated trailers; denies the remaining allegations contained in the second sentence of paragraph 40.

41. Admits that approximately 51 refrigerated trailers are located at various military installations. The remaining allegations contained in paragraph 41 are denied.

42. Admits that defendant has not paid for the continued possession of the remaining refrigerated trailers; denies the remaining allegations contained in paragraph 42.

43. Admits that defendant has not paid for any damage to or loss of the remaining refrigerated trailers; denies the remaining allegations contained in paragraph 43.

44. Admits that defendant has not paid plaintiff for the refrigerated trailers after the termination of the contract; the remaining allegations contained in paragraph 44 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

46. Defendant incorporates by reference its responses contained in paragraphs 1 through 45 of its answer as though fully set forth here.

47. Admits the allegations contained in paragraph 47 to the extent supported by the

referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

51. Admits the allegations contained in paragraph 51 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

55. Denies the allegations contained in the first sentence of paragraph 55. The allegation contained in the second sentence of paragraph 55 constitutes a conclusion of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

57. The allegation contained in paragraph 57 constitutes a conclusion of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

58. Defendant incorporates by reference its responses contained in paragraphs 1 through 57 of its answer as though fully set forth herein. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

59. Admits the allegation contained in paragraph 59.

60. Admits the allegation contained in paragraph 60.

61. Admits the allegations contained in paragraph 61 to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 61.

62. The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

64. The allegation contained in paragraph 64 constitutes a conclusion of law to which no answer is required; to the extent it is deemed an allegation of fact, it is denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 64, or to any relief whatsoever.

65. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

OF COUNSEL:

MAJOR WILLIAM H. TORRICO
Office of Counsel for the Commandant
United States Marine Corps
2200 Lester Street
Quantico, VA 22134
703-432-3885

July 17, 2006