IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GLOBAL GROUP GENERAL TRADING, LTD., | ) | |
| | ) | No. 06-271C |
| Plaintiff, | ) | (Judge Marian Blank Horn) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of this Court ("RCFC"), the parties file the following joint preliminary status report:

(a) Jurisdictional Basis Upon Which Plaintiff Relies

Plaintiff's action arises pursuant to an express contract between Global Group General Trading, Ltd. ("Global") and the United States, through the Department of Defense. The action is brought on an appeal from a final decision of the contracting officer denying Global's certified claim. Global states that this Court possesses jurisdiction to entertain this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 609, and the Tucker Act, as amended, 28 U.S.C. § 1491. By order dated July 27, 2006, the Court dismissed that part of Global's complaint seeking money damages based upon Global's failure to file a certified claim with the contracting officer, as required for claims over $100,000. On or about August 2, 2006, Global submitted a certified claim to the contracting officer with respect to its monetary claims. The Court retained jurisdiction over Global's non-monetary claims.[1] In addition, the Government contends that this Court does not possess jurisdiction to entertain Global's claim for attorney

[1] The parties understand that an amended JPSR may be necessary in the event that Global's certified claim is denied, and Global files a complaint based upon that denial.

fees. Global contends that the Contract Disputes Act, of 1978, 41 U.S.C. § 609 provides a basis to recover attorney fees.

(b) Consolidation

The parties do not believe that this case should be consolidated with any other case at this time. Pursuant to this Court's July 27, 2006 order, if Global's certified claim is denied by the agency, and Global institutes a lawsuit based upon that denial, that lawsuit will be consolidated with this one.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Deferral

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case by this Court.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties should be joined.

(g) Dispositive Motions

The Government may file a motion to dismiss, pursuant to RCFC 12(b), Global's claim for attorney fees. With the Court's concurrence, the Government may file a motion for partial summary judgment on the issue of whether the contract required that Global pick up its refrigerated trailers at the end of the lease periods, from the locations to which the contract

required they be delivered. While the parties agree that it is unlikely that other dispositive motions will be filed, the parties request that, on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing dispositive motions.

(h) Relevant Issues

Plaintiff's Statement Regarding The Relevant Issues

Global's Factual Issues

1.) Whether there were four additional reefers[2] provided at no charge to the Government by Global.

2.) Whether the Government failed to provide assistance to Global upon requests for such assistance in light of new circumstances.

3.) Whether, when, and how the Government cooperated with Global to return the reefers.

4.) Whether the reefers that were returned to Global were damaged and, if so, to what extent.

5.) How many reefers leased to the Government have not been returned to Global.

6.) Whether Global can possibly retrieve the unreturned reefers without the cooperation of the Government.

7.) Whether the Government has cooperated or attempted to cooperate in returning any of the unreturned reefers and to what extent, if any.

8.) What is the condition of the unreturned reefers, i.e., to what extent have the

---

[2] The traiers Global leased to the Government are commonly referred to as reefers.

unreturned reefers been damaged, destroyed, or lost.

9.) Whether Global has been unable to find reefers entrusted to the Government when Global entered and had access to military bases.

10.) Whether the Government is still using any of the unreturned reefers for storage or other purposes.

11.) What was the fair market value of each reefer at the time of procurement.

12.) What is the fair market value of each reefer now.

13.) Whether the Government has paid Global for possession of the reefers beyond the stated lease period.

14.) To what extent, if any, the Government has cooperated with Global to return the reefers to Global.

15.) Whether the Government made any attempts to cooperate with Global to return the reefers prior to January 2005.

16.) Whether Global incurred costs or liability because the Government did not return all the reefers to Global.

<u>Global's Legal Issues</u>

1.) Whether and what duty does the Government have to return or assist in the return of the reefers to Global, when the contract the Government drafted fails to specify that responsibility.

2.) Whether and what duty does the Government have to return or assist in the return of the reefers to Global, when it cooperated in delivering the reefers to the various lease sites.

3.) Whether the Government has taken all reasonable steps to perform under the

contract.

4.) Whether and what duty does Global have to retrieve its reefers.

5.) Whether Global was excused from retrieving its reefers.

6.) Whether the Government has a duty to hold safe leased property in its possession.

7.) Whether and to what extent has the Government breached its duty to hold safe any the reefers.

8.) Whether, for the purposes of calculating any damages due under the contract, a reefer's fair market value is determined at the time of contracting.

9.) What controls the valuation of the reefers when the source, www.nadaquildelines.com referenced in the contract drafted by the Government, does not provide any valuations for reefers.

10.) What is the basis for calculating normal wear and tear to the reefers.

11.) Whether, and to what extent, the Government is liable for the damage to the reefers that have been returned.

12.) Whether, and to what extent, the Government is liable for the damage or loss to the unreturned reefers.

13.) Under the contract, when and in what condition was the Government required to relinquish the use and possession of the reefers.

14.) Whether, and to what extent, the Government is liable for the monthly rental cost of each reefer it has not returned to Global.

15.) Whether the Government is required to pay for the 31 reefers it did not pay for in December 2004.

16.) Whether the Government is liable for the damage, destruction and/or loss of the reefers because of its failures to hold safe the reefers.

17.) Whether the Government is liable to Global for any lost opportunities to lease the reefers.

Defendant's Statement Regarding The Relevant Issues

Government's Factual Issues

1.) Whether Global was aware of the risks inherent in performance under the contract.

2.) Whether the contract price included all costs expected to be incurred by Global because of the hostile environment under which Global was to perform the contract.

3.) Whether Global knowingly and voluntarily assumed the risks of performance under the contract.

4.) Whether Global took all reasonably steps to ensure its performance under the contract.

5.) Whether the level of hostilities in Iraq significantly increased during the period of contract performance.

6.) Whether the hostilities in Iraq during the period of contract performance made it impossible for Global to meet the requirements of the contract.

7.) Whether there was a market in Iraq for the lease of refrigerated trailers during the post-contract period.

8.) Whether there was a market outside of Iraq for the lease of refrigerated trailers during the post-contract period.

9.) What was the fair rental value of the refrigerated trailers in Iraq during the post-contract period.

Government's Legal Issues

1.) Whether this Court has jurisdiction to entertain Global's claim for attorney fees.

2.) Whether the contract required that Global deliver the refrigerated trailers to the locations designated by the Government.

3.) Whether Global assumed the risk that hostilities would interfere in its ability to deliver the refrigerated trailers to the locations designated by the Government.

4.) Whether the Government had a duty to cooperate with Global in its efforts to deliver the refrigerated trailers to the locations designated by the Government, and, if so, whether the Government breached that duty.

5.) Whether the contract required that Global pick up the refrigerated trailers from the locations to which the contract required that they be delivered.

6.) Whether Global assumed the risk that hostilities would interfere in its ability to pick up the refrigerated trailers at the end of the lease terms.

7.) Whether the Government had a duty to cooperate with Global in its efforts to pick up the refrigerated trailers at the locations to which they had been delivered and, if so, whether the Government breached that duty.

8.) Whether Global failed to mitigate its damages by not exercising due diligence in picking up its refrigerated trailers at the end of the lease term.

9.) Whether, assuming liability, the proper measure of damages is the fair market value of the unreturned refrigerated trailers at the end of the lease period.

10.) Whether, assuming liability, the proper measure of damages for the returned refrigerated trailers is the diminution of the fair market value that occurred during the lease period other than normal wear and tear.

11.) Whether Global has sustained its burden of proving that any acts of the Government caused Global to incur costs in excess of the amounts due under the contract.

12.) Whether Global has sustained its burden of proving that the Government breached the contract.

13.) Whether Global has sustained its burden of proving the amount of the damages claimed as the result of the Government's alleged breach of the contract.

(i) Advisability of ADR

The parties are currently planning on meeting in Dubai in October 2006 to attempt to resolve all, or some, of the factual and legal matters issues in this case.

(j) Possibility of Trial

If this case does not settle, or is not otherwise resolved upon dispositive motion, the parties will proceed to a trial that is expected to last from ten to fifteen days. The parties agree that an expedited trial pursuant to paragraph 4(j) of Appendix A is not warranted. The parties believe that the earliest date that they could reasonably be ready for trial is October 2007. The parties request that the trial be held in Washington, D.C.

Joint Proposed Schedule

Identification of experts by November 1, 2006.

Exchange of documents by December 1, 2006.

Exchange of expert reports by January 15, 2007.

Completion of all discovery by June 1, 2007.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management needs.

(l) Additional Information

The parties expect that a substantial amount of evidence in this matter will be introduced at trial through the use of de bene esse depositions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Andrew Galbreath
ANDREW GALBREATH
Schott Law Associates, LLP
1015 18th Street, NW, Suite 210
Washington, DC 20036
202-833-3439

Attorney for Plaintiff

Dated: August 30, 2006

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

Dated: August 30, 2006